Joseph Alan Venti, Esq. (SBN 031742008)
WILLIAMS CUKER BEREZOFSKY, LLC
Woodland Falls Corporate Center
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002-1163
Tel. (856) 667-0500
Fax (856) 667-5133
joeventi@wcblegal.com

Michael J. Quirk, Esq. (*Pro Hac Vice Forthcoming*)
WILLIAMS CUKER BEREZOFSKY, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Tel. (215) 557-0099
Fax (215) 557-0673
mquirk@wcblegal.com

*Attorneys for Plaintiff, on behalf of himself
and those similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| Rufino D. Garcia, | : | CIVIL ACTION NO. |
| on behalf of himself and those | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **CLASS ACTION COMPLAINT** |
| | : | |
| Portfolio Recovery Associates, LLC | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

Plaintiff, Rufino D. Garcia, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, Portfolio Recovery Associates, LLC, says:

## I. NATURE OF THE ACTION

1.      Plaintiff, Rufino D. Garcia, residing at 18 Meadowyck Drive, Clementon, NJ 08021, brings this action on behalf of himself and others similarly situated for damages and other relief against Defendant Portfolio Recovery Associates, LLC, a debt collector with its principal place of business at 140 Corporate Boulevard, Norfolk, Virginia 23502, arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

2.      As described more fully below, Defendant violated the FDCPA by filing debt-collection lawsuits against Plaintiff and other New Jersey consumers without having or intending to acquire evidence to prove its claims, but instead for the sole purpose of obtaining default judgments or inducing settlement on claims it never intended to prove.

## II. THE PARTIES

3.      Plaintiff, Rufino D. Garcia ("Garcia"), is a natural person and a resident of New Jersey.  He resides at 18 Meadowyck Drive, Clementon, NJ 08021, and has resided there for 21 years since 1994.

4.     Defendant, Portfolio Recovery Associates, LLC ("Portfolio"), is a Delaware limited liability company that regularly collects or attempts to collect consumer debts, is registered and licensed to transact business in the State of New Jersey, and has its principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia 23502.

## III.   JURISDICTION AND VENUE

5.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff's FDCPA claims arise under the laws of the United States.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)-(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and because Defendant regularly transacts business within this District and therefore is subject to the personal jurisdiction of this Court.

## IV.   FACTS COMMON TO ALL CLAIMS

7.     Portfolio is not in the business of extending credit or selling goods or services to consumers.

8.     Portfolio uses the mails, telephone, the internet and other instruments of commerce to engage in the business of purchasing, collecting, and attempting to

collect defaulted debts or alleged debts of natural persons arising from transactions primarily for personal, family, or household purposes.

9.     Portfolio regularly collects or attempts to collect debts allegedly owed to others that were incurred primarily for personal, family, or household purposes.

10.     On or about June 3, 2014, Portfolio filed a Complaint (the "Collection Complaint") in the Superior Court of New Jersey, Law Division-Special Civil Part, Camden County, against Garcia.

11.     In the Collection Complaint, Portfolio sought a judgment for amounts allegedly owed by Garcia on an alleged Citibank, N.A. credit card account.

12.     Portfolio alleged in the Collection Complaint that Garcia had entered into an agreement for a credit card with Citibank, N.A./Sears.

13.     Portfolio further alleged that it was the purchaser and then-current owner of Garcia's alleged Citibank credit card account, and that this alleged account was assigned to it by Citibank, N.A. on March 26, 2013.

14.     Portfolio further alleged that Garcia had failed to make required payments and was in default in the amount of $6,139.75 on the alleged Citibank credit card account that Portfolio had acquired.

15.     Portfolio further alleged that it had made demand upon Garcia for payment of the amount alleged to be owed, and that Garcia refused to pay.

16.     Garcia, by and through his then-retained counsel, filed an Answer to Portfolio's Collection Complaint (the "Answer"), and therein denied all of Portfolio's allegations pertaining to himself.

17.     Garcia also asserted 22 affirmative defenses in his Answer and demanded judgment dismissing the Collection Complaint and awarding him attorney's fees and costs of suit.

18.     At or shortly after the time Garcia filed his Answer, he also served discovery requests on Portfolio and demanded, inter alia, a copy of the alleged application for credit on the alleged Citibank credit card account.

19.     Portfolio provided copies of certain documents, but did not produce the original credit agreement.

20.     Portfolio's collection claim was scheduled for trial on January 13, 2015. On that day, Garcia and his counsel appeared for trial.

21.     Neither Portfolio nor its counsel appeared in court on the day of trial, and the court dismissed the collection action.

22.     As Garcia and his counsel left the courtroom after the court dismissed the collection action, the presiding Judge remarked to them that Portfolio hardly ever showed up for trial dates and that more collection case defendants such as Mr. Garcia would benefit themselves by showing up for trial instead of entering into settlement agreements with Portfolio.

23.     Garcia paid the lawyer who represented him in defending against the Portfolio collection action several thousand dollars for his attorneys' fees and case costs.

24.     In the year preceding Garcia's filing of this Class Action Complaint, Portfolio filed over 12,000 debt-collection lawsuits in the New Jersey Superior Courts, Law Division and/or Special Civil Parts against New Jersey residents.

25.     A random sampling of almost 500 of the dockets for these Portfolio-filed lawsuits covering all 21 counties in New Jersey and all months from May 2014 to May 2015 in which a Portfolio lawsuit was filed in the particular county shows that Portfolio was represented by only six individual attorneys in all of these collection lawsuits:  the four Portfolio in-house counsel based in Norfolk, Virginia who are listed on the Collection Complaint filed against Garcia—Carrie A. Brown, Esq.; Thomas M. Murtha, Esq.; Mark R. Garvey, Esq.; and Sheena Daneshyar, Esq; plus two outside counsel from a single law firm based in Hackensack, New Jersey—Glenn Garbus, Esq. and Ronald Ferraro, Esq. of Foster, Garbus & Garbus LLP.

26.     Thus, each of the individual lawyers that represented Portfolio in these actions appears to have filed on average over 2,000 collection cases in New Jersey during the one-year period from May 2014 to May 2015.

6

27.     An additional random sampling of 235 of the dockets of the 12,000 Portfolio-filed lawsuits, covering nine of the 21 counties in New Jersey (including Camden County, where Portfolio sued Garcia) and all months from May 2014 to January 2015 in which Portfolio filed one or more lawsuits in the particular county, shows that Portfolio did not obtain a litigated judgment for the debt it claimed to be owed by a consumer in any of these cases.

28.     Instead, in 167 of the 235 sampled cases, Portfolio obtained a default judgment against the New Jersey consumer for the amount it claimed to be owed. In 65 of the remaining 68 cases, Portfolio voluntarily dismissed the action it had filed without conducting any litigation. The three remaining cases were listed as pending as of May 12, 2015, with one of those three cases having been referred to arbitration after the consumer defendant answered Portfolio's collection complaint and asserted a counterclaim against it.

29.     As in the collection lawsuit it filed against Mr. Garcia, Portfolio filed suit against consumers throughout New Jersey during the one-year period before this Complaint was filed without having evidence to prove its claims of amounts allegedly owed by these consumers and without intending to acquire evidence to prove its claims, but rather for the sole purpose of obtaining default judgments or inducing settlement on these claims that it could not prove.

7

## V. CLASS ACTION ALLEGATIONS

30. This action is brought and may properly proceed as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff brings this action on behalf of himself and others similarly situated.

Plaintiff seeks certification of a Class and a Subclass initially defined as follows:

### CLASS

> All natural persons against whom Defendant filed a debt-collection lawsuit in a court in the State of New Jersey seeking to collect a consumer debt allegedly owed to Citibank, N.A. within the one-year period prior to the date on which this Complaint is filed. Excluded from the Class are all such persons who have commenced an action in any court against Defendant alleging a violation of the FDCPA within the one-year period prior to the date on which this Complaint is filed, or who have signed a general release of claims against Defendant after the collection lawsuit against him or her referenced above was filed.

### SUBCLASS

> All members of the Class as defined above who incurred an out-of-pocket expenditure of money to defend against, respond to, or otherwise resolve the covered collection lawsuit filed against him or her by Defendant.

31. Plaintiff seeks to recover statutory damages, attorney's fees and costs

on behalf of all Class members, and also actual damages on behalf of all Subclass

members under the FDCPA.

32.     The Class and Subclass for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

33.     There are questions of law and fact common to the members of the Class and Subclass that include but are not limited to the following:

A.     Whether Defendant is a debt collector under the FDCPA;

B.     Whether Defendant's filing of a debt-collection lawsuit complaint against a Class member in a court of law would create the impression in the mind of the least sophisticated consumer that Defendant was able to and intended to prove its claims asserted therein;

C.     Whether Defendant ever was able to and intended to prove the collection claims it filed against Class members;

D.     Whether Defendant violated 15 U.S.C. § 1692e, § 1692e(5), § 1692e(10), and/or § 1692f;

E.     Whether Plaintiff and the Class are entitled to statutory damages and attorneys' fees and costs under 15 U.S.C. § 1692k(a)(2)-(3);

F.     Whether Plaintiff and the Subclass also are entitled to actual damages under 15 U.S.C. § 1692k(a)(1).

34.     The claims of Plaintiff are typical of the claims of the members of the Class and Subclass.

35.     Plaintiff does not have interests antagonistic to those of the Class.

36.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer

and class action litigation. The undersigned proposed Class Counsel have

investigated and identified the claims in this action, and have a great deal of

experience in prosecuting class action litigation, other complex litigation, and

claims of the type asserted in this action.

37.     The questions of law and fact common to the members of the Class

and Subclass predominate over any questions affecting only individual members.

38.     A class action is superior to other available methods for the fair and

efficient adjudication of this controversy since joinder of all members is

impracticable. The FDCPA statutory scheme provides for statutory damages

payable to each Class member, and actual damages payable to each Subclass

member. A class action will provide for an orderly and expeditious resolution and

administration of the claims of the Class and Subclass, and will foster economies

of time, effort, and expense.

39.     The memberships of the Class and the Subclass are readily

ascertainable.

40.     The prosecution of separate actions by individual members of the

Class and Subclass would run the risk of inconsistent or varying adjudications,

which would establish incompatible standards of conduct for the Defendant in this

action, or would create the risk that adjudications with respect to individual

members of the Class and Subclass would as a practical matter be dispositive of

the interests of the other members not parties to the adjudications or substantially

impair or impede their ability to protect their interests.  Prosecution of this action

as a class action would eliminate the possibility of duplicative litigation of the

same substantive claims.

41.    Plaintiff does not anticipate any difficulty in the management of this

litigation.

## VI.    CLASS AND SUBCLASS CLAIMS

## COUNT I—VIOLATION OF FDCPA

42.    Plaintiff repeats and incorporates the allegations set forth in

paragraphs 1-41 in their entirety as if they were fully set forth here.

43.    Plaintiff and Class and Subclass members are "consumers" as defined

by 15 U.S.C. § 1692a(3).

44.    The debts owed or alleged by Defendant to be owed by Plaintiff and

Class and Subclass members are consumer "debts" as defined by 15 U.S.C. §

1692a(5).

45.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46.    The debt-collection lawsuit complaints filed by Defendant against

Plaintiff and Class and Subclass members are debt "communications" as defined

by 15 U.S.C. § 1692a(2).

47.     The debt-collection lawsuit complaints filed by Defendant against

Plaintiff and Class and Subclass members falsely implied that Defendant was able

to and intended to prove the claims asserted therein, when in fact Defendant was

not able to and did not intend to prove those claims, but instead intended either to

obtain a default judgment or to induce settlement by the consumer, or else to

dismiss the lawsuit, without ever proving its claims.

48.     By filing debt-collection lawsuit complaints against Plaintiff and

Class and Subclass members without any ability or intent to prove the claims

asserted therein, Defendant violated the following provisions of the FDCPA:

>    A.     15 U.S.C. § 1692e by using a false, deceptive, or misleading
>           representation or means in connection with the collection of
>           alleged debts;
>
>    B.     15 U.S.C. § 1692e(5) by threatening to take action that is not
>           intended to be taken;
>
>    C.     15 U.S.C. § 1692e(10) by using false representations or
>           deceptive means to collect or attempt to collect alleged debts;
>
>    D.     15 U.S.C. § 1692f by using unfair or unconscionable means in
>           connection with the collection of alleged debts.

49.     As a result of Defendant's violations of the FDCPA, Plaintiff and the

Class are entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and

attorneys' fees and costs under § 1692k(a)(3).

50.     Plaintiff and the Subclass have been damaged by Defendant's violations of the FDCPA in the amounts of the losses of money they incurred to defend against, respond to, or otherwise resolve the collection lawsuits filed against them by Defendant.

51.     As a result of Defendant's violations of the FDCPA, Plaintiff and the Subclass also are entitled to actual damages under 15 U.S.C. § 1692k(a)(1).

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

> A.     For certification of this matter as a class action, appointing Plaintiff as representative of the Class and Subclass, and appointing the attorneys of Williams Cuker Berezofsky, LLC as class counsel;
>
> B.     For maximum statutory damages for Plaintiff and the Class under the FDCPA, 15 U.S.C. § 1692k(a)(2)(B);
>
> C.     For actual damages for Plaintiff and the Subclass under the FDCPA, 15 U.S.C. § 1692k(a)(1);
>
> D.     For reasonable attorneys' fees and costs of suit in connection with this action under the FDCPA, 15 U.S.C. § 1692k(a)(3);
>
> E.     For pre-judgment and post-judgment interest; and
>
> F.     For such other and further relief as Plaintiff and Class and/or Subclass members may be entitled to or as the Court deems equitable and just.

## VII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VIII. **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my

knowledge that the matter in controversy is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.

<u>Dated:</u>        June 2, 2015

WILLIAMS CUKER BEREZOFSKY, LLC

/s/ *Joseph Alan Venti*
Joseph Alan Venti, Esq.
(SBN 031742008)
Woodland Falls Corporate Center
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002-1163
Tel. (856) 667-0500
Fax (856) 667-5133
joeventi@wcblegal.com

Michael J. Quirk, Esq.
(*Pro Hac Vice Forthcoming*)
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Tel. (215) 557-0099
Fax (215) 557-0673
mquirk@wcblegal.com

*Attorneys for Plaintiff on Behalf of Himself
and Those Similarly Situated*