**TROUTMAN SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6227
*Attorneys for Defendant Portfolio Recovery Associates, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------x
RUFINO D. GARCIA, on behalf of       :
himself and all others similarly situated,     :
                                  :
           Plaintiff,            :
                                  :
      v.                    : Case No. 1:15-cv-03685-LNH-JS
                                  :
PORTFOLIO RECOVERY           :
ASSOCIATES, LLC,             :
                                  :
           Defendant.         :
---------------------------------------------------------x

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
## MEMORANDUM IN SUPPORT OF MOTION FOR
## <u>SUMMARY JUDGMENT</u>

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ............................................3

LEGAL STANDARD...............................................................................5

ARGUMENT .......................................................................................7

I.    Summary judgment is necessary because the undisputed, and only, evidence shows PRA had both the ability and the intent to prove its collection claim against Plaintiff....................................................7

II.   Plaintiff's claims also fail as a matter of law regardless of PRA's intent or ability to prove its collection claim against him. ......................................10

      A.    Plaintiff articulates no actionable "threat" under Section 1692e(5)...............................................................................10

      B.    PRA used no "false, deceptive, or misleading means" to collect a debt under Section 1692e(10).........................................................13

      C.    Plaintiff has no independent basis to assert a claim under Section 1692f................................................................................15

III.  Plaintiff lacks evidence to show his debt was a "consumer debt" under the FDCPA, an essential element of his claims...........................................16

CONCLUSION ..................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acumed LLC v. Advanced Surgical Servs., Inc.*,
   561 F.3d 199 (3d Cir. 2009) ..........................................................................6, 10

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).........................................................................................7

*Azur v. Chase Bank, USA, N.A.*,
   601 F.3d 212 (3d Cir. 2010) .................................................................................5

*Boosahda v. Providence Dane LLC*,
   462 Fed. App'x 331 (4th Cir. 2012) ...........................................................19, 20

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)........................................................................................5, 6

*Chisholm v. AFNI, Inc.*,
   No. 15-3625, 2016 U.S. Dist. LEXIS 162303 (D.N.J. Nov. 22,
   2016) ..............................................................................................................15

*Clark v. Pollard*,
   No. 99-1414, 2000 U.S. Dist. LEXIS 18934 (S.D. Ind. Dec. 28,
   2000) ..............................................................................................................11

*Clark v. Unifund CCR Partners*,
   No. 07cv0266, 2007 U.S. Dist. LEXIS 31552 (W.D. Pa. Apr. 30,
   2007) ..............................................................................................................14

*Conway v. Dirysa, LLC*,
   No. 13-4453, 2016 U.S. Dist. LEXIS 145191 (D.N.J. Oct. 20,
   2016) ................................................................................................................8

*Corson v. Accounts Receivable Mgmt., Inc.*,
   No. 13-01903, 2013 U.S. Dist. LEXIS 112282 (D.N.J. Aug. 9,
   2013) ..............................................................................................................15

*Cox v. Hilco Receivables, L.L.C.*,
   726 F. Supp. 2d 659 (N.D. Tex. 2010) ...........................................................11

*Deere v. Javitch, Block & Rathbone, LLP*,
   413 F. Supp. 2d 886 (S.D. Ohio 2006) .................................................................14

*Desa v. Ritter*,
   No. 14-6355, 2017 U.S. Dist. LEXIS 169596 (D.N.J. Oct. 13,
   2017) ......................................................................................................................7

*Dicesari v. Asset Acceptance LLC*,
   No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept.
   18, 2012) ...............................................................................................................10

*Dokumaci v. MAF Collection Servs.*,
   No. 8:09-cv-2488, 2010 U.S. Dist. LEXIS 60166 (M.D. Fla. June
   17, 2010) ...............................................................................................................18

*EBC, Inc. v. Clark Bldg. Sys.*,
   618 F.3d 253 (3d Cir. 2010) .................................................................................20

*Eul v. Transworld Sys.*,
   No. 15-c-7755, 2017 U.S. Dist. LEXIS 47505 (N.D. Ill. Mar. 30,
   2017) .....................................................................................................................10

*Evans v. Portfolio Recovery Assocs., LLC*,
   No. 15-1455, 2016 U.S. Dist. LEXIS 97769 (D.N.J. July 27, 2016) .................15

*F.T.C. v. Check Investors, Inc.*,
   502 F.3d 159 (3d Cir. 2007) .................................................................................16

*Fick v. Am. Acceptance Co.*,
   No. 3:11-cv-229, 2012 U.S. Dist. LEXIS 43761 (N.D. Ind. Mar.
   28, 2012) ...............................................................................................................11

*Harvey v. Great Seneca Fin. Corp.*,
   453 F.3d 324 (6th Cir. 2006) ...............................................................................13

*Heintz v. Jenkins*,
   514 U.S. 291 (1995)...............................................................................................12

*Horton v. Trans Union, LLC*,
   No. 12-2072, 2015 U.S. Dist. LEXIS 29564 (E.D. Pa. March 10,
   2015) ...............................................................................................................16, 19

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A*,
   559 U.S. 573 (2010)................................................................................................9

*Lauren W. v. DeFlaminis*,
    480 F.3d 259 (3d Cir. 2007) .................................................................... 9

*Martin v. Unknown U.S. Marshals*,
    965 F. Supp. 2d 502 (D.N.J. 2013) ......................................................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................ 6

*Meier v. Law Offices of Weltman, Weinberg & Reis Co., L.P.A*,
    No. 10-262, 2011 U.S. Dist. LEXIS 55264 (W.D. Pa. May 5, 2011) ............... 14

*Popson v. Galloway*,
    No. 10-cv-77, 2010 U.S. Dist. LEXIS 75960 (W.D. Pa. July 27,
    2010) ...................................................................................................... 13

*Reed v. IC Sys.*,
    No. 3:15-cv-27, 2017 U.S. Dist. LEXIS 3239 (W.D. Pa. Jan. 10,
    2017) ........................................................................................................ 9

*Riazzi v. Weltman, Weinberg & Reis Co., LPA*,
    No. 16-1663, 2017 U.S. Dist. LEXIS 64897 (W.D. Pa. Apr. 27,
    2017) .......................................................................................... 10, 13, 15

*Rose v. Roach*,
    No. 6:12-cv-0061, 2013 U.S. Dist. LEXIS 53120 (W.D. Va. April
    12, 2013) ................................................................................................... 9

*Serbin v. Bora Corp., Ltd.*,
    96 F.3d 66 (3d Cir. 1996) ........................................................................ 6

*Sheridan v. NGK Metals Corp.*,
    609 F.3d 239 (3d Cir. 2010) .................................................................... 7

*Singletary v. Pa. Dep't of Corr.*,
    266 F.3d 186 (3d Cir. 2001) .................................................................... 5

*St. John v. Cach, LLC*,
    822 F.3d 388 (7th Cir. 2016) ............................................................ 6, 9, 12

*Thompson v. CACH, LLC*,
    No. 14-cv-0313, 2014 U.S. Dist. LEXIS 151255 (N.D. Ill. Oct. 24,
    2014) ...................................................................................................... 10

*Townsend v. Quantum3 Group, LLC*,
    535 B.R. 415 (M.D. Fla. 2015) ............................................................................11

*Trap Rock Indus., Inc. v. Local 825*,
    982 F.2d 884 (3d Cir. 1992) ...............................................................................6

*Turner v. Prof'l Recovery Servs., Inc.*,
    956 F. Supp. 2d 573 (D.N.J. 2013) ...................................................................15

*Vanhuss v. Kohn Law Firm S.C.*,
    127 F. Supp. 3d 980 (W.D. Wis. 2015) .............................................................10

*Wilson v. Haas*,
    No. 11-7001, 2015 U.S. Dist. LEXIS 83871 (D.N.J. June 29, 2015) ...........6, 20

## Statutes

15 U.S.C. § 1692a(5) ...........................................................................................16

15 U.S.C. § 1692e(5) .....................................................................................*passim*

15 U.S.C. § 1692e(10) .......................................................................2, 12, 13, 14

15 U.S.C. § 1692f..............................................................................2, 14, 15, 16

15 U.S.C. § 1692k(c) .............................................................................................9

FDCPA .............................................................................................................*passim*

## Other Authorities

Fed. R. Civ. P. 56(a)..............................................................................................5

Rule 12(b)(6)..........................................................................................................6

Rule 30(e)............................................................................................................20

COMES NOW Portfolio Recovery Associates, LLC ("PRA"), by counsel, and in support of its Motion for Summary Judgment states as follows:

## INTRODUCTION

Plaintiff's entire Complaint rises or falls on his bare allegation that PRA sued him without the "ability or intent to prove [its] claims." (Compl. at ¶ 48.) Indeed, this Court already recognized in denying Plaintiff's Motion to Certify a Class that Plaintiff's claims rest solely on PRA's alleged intent or lack thereof. (*See* Dkt. No. 67 at 3, hereinafter "Opinion") ("According to Garcia, PRA never intended to prove its claim against him, or even acquire the evidence necessary to prove the claim."). Yet after full discovery, including multiple depositions of PRA's corporate designees and the production by PRA of over 600 pages of documents, Plaintiff can offer nothing beyond mere speculation and conjecture to advance his flawed theory of recovery. Instead, the only *evidence* of PRA's "ability or intent" in this case shows beyond dispute that PRA fully intended – and was able – to prove its claim against Plaintiff, and its failure to appear at the trial of Plaintiff's collection action resulted not from any fault of PRA, but from the unexpected absence of a contract attorney hired to request a continuance. This inadvertent error – beyond PRA's knowledge or control – demonstrates nothing of PRA's intent, and Plaintiff's entire Complaint should be dismissed on this basis alone.

Even were Plaintiff to adduce contrary evidence of PRA's ability or intent –

and he cannot – each of his claims would nonetheless fail as a matter of law because:

- Section 1692e(5):   Plaintiff's claim that PRA improperly *threatened* litigation in violation of 15 U.S.C. § 1692e(5) fails because the mere filing of a state court lawsuit does not constitute a "threat" within the meaning of the statute;

- Section 1692e(10):   Plaintiff's claim that PRA used "false, deceptive, or misleading representation or means" to collect a debt under 15 U.S.C. § 1692e(10) likewise fails because, absent affirmative misrepresentations not alleged here, the mere filing of a complaint does not violate the FDCPA, even without immediate means of proof; and

- Section 1692f:  Plaintiff's remaining claim under the FDCPA's catch-all provision, 15 U.S.C. § 1692f, prohibiting "unfair or unconscionable means to collect a debt" fails because it rests entirely on the allegations in Plaintiff's first two claims, and cannot stand on its own as a matter of law.

In addition to these already fatal defects, Plaintiff's Complaint should also be

dismissed because Plaintiff – by his own deposition testimony – has conceded a lack

of evidence proving his underlying debt was a "consumer debt" as required by 15

U.S.C. § 1692e(5).  This is no mere technicality, but a fundamental building block

of the FDCPA, the absence of which defeats Plaintiff's claims.  Because Plaintiff

cannot even make out his own case-in-chief – and because the flaws in his various

theories of recovery render his entire Complaint defective as a matter of law – the

Court should grant PRA's Motion for Summary Judgment and dismiss the

Complaint with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

This matter arises from a Citibank/Sears credit card account on which Plaintiff defaulted, leaving a balance of $6,139.75.  (SOUF ¶ 1.)  PRA subsequently purchased Plaintiff's defaulted Citibank/Sears account, at which time it began collection activity.  (SOUF ¶ 2.)  When Plaintiff refused to pay what he owed, his account was assigned to one of PRA's staff counsel, Thomas Murtha, for review and possible collection action.  (SOUF ¶ 3.)

After reviewing Plaintiff's account statements from Citibank, the sale file, and affidavit of assignment, Mr. Murtha determined Plaintiff's account suitable for collection and filed the Complaint with the Clerk of the New Jersey Superior Court on June 3, 2014.  (SOUF ¶ 4.)  Plaintiff subsequently retained an attorney and answered the complaint, requesting certain documentation in discovery.  (SOUF ¶ 5.)  PRA produced statements from Citibank, the sale file, and a Citibank affidavit, which together was sufficient evidence to obtain a judgment in a collection action under applicable New Jersey state law.  (SOUF ¶¶ 6, 7.)

The trial for PRA's debt collection action against Plaintiff was originally scheduled for September 8, 2014.  (SOUF ¶ 8.)  Plaintiff's lawyer requested a continuance, to which PRA agreed, and the Court reset the trial date to October 6, 2014, a date on which Mr. Murtha had another trial scheduled.  (SOUF ¶¶ 9, 10.) Consistent with PRA's intent to prove its claim, though, Mr. Murtha hired a contract

attorney from "Attorneys on Demand" to seek a further continuance.  (SOUF ¶ 11.)

Despite Mr. Murtha's action and through no fault of PRA, the contract attorney

failed to appear at the trial date, and the New Jersey Superior Court dismissed the

matter without prejudice.  (SOUF ¶ 12.)[1]  According to Plaintiff, the state court judge

"remarked to them that Portfolio hardly ever showed up for trial dates."  (SOUF

¶ 13.)  This lawsuit followed.

In January 2017, Plaintiff filed his Motion for Class Certification seeking to

certify a class of consumers against whom PRA filed debt-collection lawsuits in the

State of New Jersey seeking to collect a consumer debt allegedly owed to Citibank,

N.A.  (Compl. ¶ 30.)  The Court held Plaintiff's evidence insufficient and declined

to certify the proposed class.  (Opinion at 8.)  In doing so, the Court noted "the record

evidence only supports a conclusion that PRA makes individualized determinations

on whether, and how much, to litigate any given case," and held "the undisputed fact

that PRA encourages its lawyers to explore and pursue settlement throughout all

stages of a suit – even, perhaps, every suit – is not at all inconsistent with a

simultaneous intent to litigate cases worth litigating based on PRA's individualized

assessment."  (Opinion at 10.)

---

[1]    Because of the contract attorney's failure to appear, Mr. Murtha exercised his
discretion and chose not to re-file the case.  (SOUF ¶ 14.)

Now that Plaintiff's class allegations are no longer viable, Plaintiff seeks instead to pursue his own claim by challenging the very "individualized determinations" this Court has already found control PRA's litigation strategy.  As discussed more fully below, however, Plaintiff's attempt to twist PRA's reasonable – and permissible – exercise of litigation discretion into an FDCPA violation fails as a matter of law, warranting summary judgment with respect to Plaintiff's entire Complaint.

## LEGAL STANDARD

Summary judgment is appropriate where, as here, there is no genuine dispute as to any material fact and the undisputed facts show the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof."  *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

Once the moving party satisfies this initial burden, the non-moving party must "set forth specific facts showing that a genuine issue of material fact exists."  *Azur*

*v. Chase Bank, USA, N.A.*, 601 F.3d 212, 216 (3d Cir. 2010) (citation and internal quotation marks omitted).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986), and must present something more than mere allegations, general denials, vague statements, or suspicions.  *See Trap Rock Indus., Inc. v. Local 825*, 982 F.2d 884, 890 (3d Cir. 1992).  Rather, to survive summary judgment, "the nonmoving party must make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Serbin v. Bora Corp., Ltd.*, 96 F.3d 66, 69 n.2 (3d Cir. 1996) (alteration in original) (quoting *Celotex*, 477 U.S. at 322).

Of particular importance in this case, summary judgment cannot be avoided by mere "speculation and conjecture."[2]  At this stage of these proceedings, resorting to "speculation, or statements of personal opinion or mere belief, indeed 'inference based on speculation or conjecture does not create a material factual dispute.'" *Wilson v. Haas,* No. 11-7001, 2015 U.S. Dist. LEXIS 83871, at *28-29 (D.N.J. June

---

[2]     *See Acumed LLC v. Advanced Surgical Servs., Inc.,* 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.") (citation omitted); *see also St. John v. Cach, LLC*, 822 F.3d 388, 390 (7th Cir. 2016) ("Accordingly, the plaintiffs' assertion that the defendants filed suit without intending to go to trial is based on speculation; it is not a well-pleaded factual allegation supporting a plausible claim for relief.") (affirming dismissal under Rule 12(b)(6)).

29, 2015) (quoting *Martin v. Unknown U.S. Marshals,* 965 F. Supp. 2d 502, 527-28

(D.N.J. 2013)).  If the non-movant's evidence on any essential element of the claims

asserted is "merely colorable" or is "not significantly probative," summary judgment

should be entered in favor of the moving party.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249-50 (1986).

**ARGUMENT**

**I.     Summary judgment is appropriate because the undisputed, and only, evidence shows PRA had both the ability and the intent to prove its collection claim against Plaintiff.**

The cornerstone of Plaintiff's entire Complaint is his allegation that PRA filed

its debt collection lawsuit against him "without any ability or intent to prove the

claims asserted therein."  (Compl. ¶ 48.)  Yet now that discovery in this matter is

long since closed, Plaintiff can no longer rest on his unsupported allegations, but

must instead offer probative evidence that PRA actually did not intend to prove its

collection claim against him to survive summary judgment.  *See Sheridan v. NGK*

*Metals Corp.*, 609 F.3d 239, 250 n.12 (3d Cir. 2010) ("A plaintiff, however, cannot

avert summary judgment by resting on the allegations in his pleadings, but rather

must present evidence from which a jury could find in his favor."); *Desa v. Ritter*,

No. 14-6355, 2017 U.S. Dist. LEXIS 169596, at *10-11 (D.N.J. Oct. 13, 2017) ("The

party opposing the motion for summary judgment cannot rest on mere allegations;

instead, it must present actual evidence that creates a genuine issue as to a material

fact for trial."); *Conway v. Dirysa, LLC*, No. 13-4453, 2016 U.S. Dist. LEXIS 145191, at *9 (D.N.J. Oct. 20, 2016) ("[T]o defeat a motion for summary judgment, a party cannot rest simply on the allegations in the pleadings.") (citation and internal quotation marks omitted).

Plaintiff has none.  To the contrary, the *only* evidence of PRA's ability and intent to prove its claims against Plaintiff comes from the uncontradicted testimony of PRA's own collection counsel, Thomas Murtha, Esq.,[3] who testified that he:

- Filed the Collection Action against Plaintiff in New Jersey Superior Court (SOUF ¶ 5.);

- Reviewed the sale file and assignment transferred with the purchase of Plaintiff's account prior to that filing (SOUF ¶ 5.);

- Engaged in discovery and produced (1) seven monthly statements, (2) load data, and (3) an affidavit of assignment and sale in response to Plaintiff's discovery requests (SOUF ¶ 7.);

- Agreed to a continuance of the original September 8, 2014 trial date at the request of Plaintiff's counsel (SOUF ¶ 9.);

- Subsequently discovered he had a previously scheduled trial on that same date and retained a contract attorney to request a continuance of Plaintiff's rescheduled trial (SOUF ¶¶ 10-11.);

- Through no fault of PRA or Mr. Murtha, the contract attorney failed to appear at the trial date and the New Jersey Superior

---

[3]    *See, e.g., Lauren W. v. DeFlaminis*, 480 F.3d 259, 272 (3d Cir. 2007) ("The fact is that in considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness.").

Court dismissed the matter without prejudice (SOUF ¶ 12); and

- Due to the contract attorney's failure to appear, Mr. Murtha exercised his discretion under PRA's litigation policies and determined not to re-file the collection action against Plaintiff.  (SOUF ¶ 14.)[4]

Mr. Murtha further testified that, in his experience, the account documentation available to PRA and provided to Plaintiff in discovery was sufficient to support PRA's collection claim, and that Mr. Murtha fully intended to take the matter to trial but for the contract attorney's failure to appear.[5]  There is no other evidence of PRA's intent or its ability to prove its claims,[6] and Plaintiff can offer none.[7]

---

[4]    As the Court has previously held, "PRA makes individualized determinations on whether, and how much, to litigate any given case."  (Opinion at 10.)  Mr. Murtha's testimony provides an excellent example of how just such a determination is made.

[5]    *See* SOUF ¶ 7.  At the very least, this undisputed error shields PRA from FDCPA liability under the bona fide error defense of 15 U.S.C. § 1692k(c).  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A*, 559 U.S. 573, 591 n.12 (2010); *Rose v. Roach*, No. 6:12-cv-0061, 2013 U.S. Dist. LEXIS 53120, at *17 (W.D. Va. April 12, 2013) (defendant entitled to summary judgment on bona fide error where alleged violation was the "result of human error" by defendant's agent).

[6]    The mere fact PRA decided not to re-file its collection action after it was dismissed without prejudice says *nothing* about its intent at the time the case was actually filed, as Plaintiff's claim requires.  *See St. John*, 822 F.3d at 390 ("There are many reasons why a litigant may eventually want to dismiss its own case.  That it ultimately seeks to do so does not provide an adequate basis to broadly discern its original intentions at the time of filing, much less to specifically infer that it did not intend to prove its case at trial.  Accordingly, the plaintiffs' assertion that the defendants filed suit without intending to go to trial is based on speculation; it is not a well-pleaded factual allegation supporting a plausible claim for relief.").

[7]    As with any FDCPA claim, summary judgment is appropriate where, as here, "a plaintiff fails to provide evidence such that a reasonable juror could conclude" a

Because there is no genuine dispute of this material fact, Plaintiff's claims under Section 1692e(5), 1692e(10), and 1692f – all of which rely entirely on PRA's alleged lack of intent and inability to prove its claims, Compl. at ¶ 48 – fail as a matter of law, and the Complaint should be dismissed in its entirety.

## II.   Plaintiff's claims also fail as a matter of law regardless of PRA's intent or ability to prove its collection claim against him.

Even assuming, *arguendo*, Plaintiff's mere speculation and conjecture were sufficient to create a genuine issue of material fact as to PRA's intent and ability to defeat summary judgment – and it is not, *see Jackson*, 594 F.3d at 227; *Acumed LLC*, 561 F.3d at 228 – each of Plaintiff's FDCPA claims nonetheless fails as a matter of law for separate, independent reasons.

### A.   Plaintiff articulates no actionable "threat" under Section 1692e(5)

Section 1692e(5) of the FDCPA prohibits only "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."   15 U.S.C. § 1692e(5).  By its terms, it speaks only to threatened action, not to actions actually or already undertaken.[8]  Accordingly, courts have routinely "rejected plaintiffs'

---

collector acted with improper intent. *See, e.g. Reed v. IC Sys.*, No. 3:15-cv-27, 2017 U.S. Dist. LEXIS 3239, at *12 (W.D. Pa. Jan. 10, 2017) ("A court, however, may grant summary judgment if a plaintiff fails to provide evidence such that a reasonable juror could conclude that such calls were caused by Defendants with an intent to harass.") (internal quotations omitted).

[8]    *See Riazzi v. Weltman, Weinberg & Reis Co., LPA*, No. 16-1663, 2017 U.S. Dist. LEXIS 64897, at *21 (W.D. Pa. Apr. 27, 2017) ("In other words, there was no threatened 'action' because the lawsuit 'action' had already been initiated.");

attempts to shoehorn into § 1692e(5) a claim where [as here] a debt collector actually acts to collect a debt, but never actually makes an explicit or implicit threat to do so." *Townsend v. Quantum3 Group, LLC*, 535 B.R. 415, 425 (M.D. Fla. 2015) (collecting cases).

Here, Plaintiff alleges only that PRA filed a collection action against him, nothing more. The Complaint is devoid of any alleged *threat* by PRA, express or implied, to file the collection action, and cannot reasonably be read to suggest PRA threatened any other action in violation of Section 1692e(5). Because it is axiomatic that "[f]iling a [complaint] does not constitute a threat to file a [complaint]," *id.* at

---

*Dicesari v. Asset Acceptance LLC*, No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168, at *8 (E.D. Pa. Sept. 18, 2012) ("Because the Plaintiff only alleged an actual action taken – namely, the filing of the state court complaint – and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5)."); *see also Eul v. Transworld Sys.,* No. 15-c-7755, 2017 U.S. Dist. LEXIS 47505, at *52 (N.D. Ill. Mar. 30, 2017) ("Plaintiffs allege only actions, not threats, in support of their § 1692e(5) claim."); *Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 988 (W.D. Wis. 2015) ("This court agrees . . . that extending § 1692e(5) to apply to actions actually taken conflicts with the statutory text."); *Thompson v. CACH, LLC*, No. 14-cv-0313, 2014 U.S. Dist. LEXIS 151255, at *11 (N.D. Ill. Oct. 24, 2014) ("Defendants did not threaten legal action . . . they actually took it. Defendant's filing of the summons, standing alone, does not constitute a threat pursuant to § 1692e(5)."); *Fick v. Am. Acceptance Co.*, No. 3:11-cv-229, 2012 U.S. Dist. LEXIS 43761, at *13 (N.D. Ind. Mar. 28, 2012) ("Because plaintiff has only alleged actual action taken, instead of threats of action, plaintiff's Section 1692e claim must also be dismissed."); *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010) ("Section 1692e(5) applies only to threatened action, not to actions already undertaken."); *Clark v. Pollard*, No. 99-1414, 2000 U.S. Dist. LEXIS 18934, at *7 (S.D. Ind. Dec. 28, 2000) ("By its plain language, subsection (5) applies to threats of action, not to actions actually taken.").

426, Plaintiff's Section 1692e(5) fails on this basis alone, regardless of PRA's intent to ultimately try the matter.

Nor should the Court entertain any suggestion by Plaintiff that PRA, having filed the collection complaint against him, was somehow bound to see it through to trial under pain of statutory sanction.  The FDCPA mandates no such result, *see Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (noting "the statute's apparent objective of preserving creditors' judicial remedies"), and the notion that the mere filing of a complaint by a debt collector carries with it the "implicit declaration" it fully intends to pursue the matter to trial flies in the face of judicial common sense.  As the Seventh Circuit aptly noted:

> the mere filing of a civil action does not include an implicit declaration that the plaintiff intends to advance the action all the way through trial.  Litigation is inherently a *process*.  And recovery through that process may be achieved in many ways, and at different stages, of which trial is often not the most cost-effective or desirable. Indeed, the typical plaintiff at the outset of litigation likely hopes to recover through a less cumbersome avenue, such as a settlement or default judgment, and would rather avoid the expense, inconvenience, and uncertainty of trial.

*St. John*, 822 F.3d at 391 (emphasis in original)

Accordingly, Plaintiff's Section 1692e(5) claim fails as a matter of law and should be dismissed.

**B.     PRA used no "false, deceptive, or misleading means" to collect a debt under Section 1692e(10).**

Plaintiff's Section 1692e(10) claim fares no better.  To withstand summary judgment on this claim, Plaintiff must produce evidence sufficient to create a genuine dispute of material fact that PRA employed "false, deceptive, or misleading means" to collect his debt.  15 U.S.C. § 1692e(10).  Here, there is no allegation, much less evidence, that PRA made any such false, deceptive, or misleading statements in its collection complaint, affidavit, or other account documents from the collection action.  *See Riazzi,* 2017 U.S. Dist. LEXIS 64897, at *13 (dismissing Section 1692e(10) claim where "no allegation that anything in the state court complaint was false, that the amount of the debt owed was misstated, or that the [collection] complaint . . . was baseless.").

Instead, Plaintiff is left to argue – as with his 1692e(5) claim – the mere filing of the collection complaint itself somehow amounts to an FDCPA violation.  While Plaintiff previously argued PRA lacked the *intent* to prove its claims against him, he apparently seeks to support his claim under 1692e(10) with allegations PRA lacked the *ability* to do so.  Not only does Plaintiff lack evidence to support this allegation at the summary judgment stage,[9] however, but his Section 1692e(10) claim would

---

[9]     As discussed in Section I, *supra*, the evidence shows PRA had ample proof to support its collection claim against Plaintiff, including Plaintiff's Citibank account statements, the account sale file, and an accompanying affidavit from Citibank, all

fail as a matter of law in any event because it is well-settled the mere filing of a lawsuit without immediate means of proof is not a misrepresentation or deception actionable under § 1692e(10).  *See Popson v. Galloway,* No. 10-cv-77, 2010 U.S. Dist. LEXIS 75960, at *18 (W.D. Pa. July 27, 2010) (the mere filing of a collection action is "an act which [Courts] find is not deceptive in nature."); *see also Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 331, 333 (6th Cir. 2006) (affirming district court's holding that the "filing of a lawsuit without the immediate means of proving the debt did not constitute a deceptive practice."); *Meier v. Law Offices of Weltman*, *Weinberg & Reis Co., L.P.A,* No. 10-262, 2011 U.S. Dist. LEXIS 55264, at *13 (W.D. Pa. May 5, 2011) ("[T]he failure to provide documentation substantiating a debt [in connection with a collection action] does not constitute the use of unfair means to collect the debt."); *Clark v. Unifund CCR Partners,* No. 07cv0266, 2007 U.S. Dist. LEXIS 31552, at *10-*11 (W.D. Pa. Apr. 30, 2007) (dismissing Section 1692e(10) claim that the debt collector's use of an affidavit without further documentary evidence of the debt was false, deceptive or misleading); *Deere v. Javitch, Block & Rathbone, LLP,* 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006) ("[Plaintiff] essentially alleges that more of a paper trail should have been in the

---

of which was sufficient evidence to obtain a judgment in a collection action under applicable New Jersey state law.  (SOUF ¶¶ 6,7.)

lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.").

Because Plaintiff can offer no evidence to support his allegation PRA lacked the means of proving its claims against him – with the undisputed evidence in fact showing the opposite – and because Plaintiff's allegation would fail to make out a viable claim in any event, Plaintiff's Section 1692e(10) claim, like his Section 1692e(5) claim before it, fails as a matter of law and should be dismissed.

**C.   Plaintiff has no independent basis to assert a claim under Section 1692f.**

While Section 1692f facially prohibits the use of "unfair or unconscionable means to collect a debt," it actually "operates as a catchall for conduct that is recognizably unfair, but not explicitly enumerated in other sections of the FDCPA." *Riazzi*, 2017 U.S. Dist. LEXIS 64897, at *14 (citation and internal quotation marks omitted).  Accordingly, this Court has consistently held "conduct that is a violation of another section of the FDCPA 'cannot be the basis for a separate claim under § 1692f.'" *Evans v. Portfolio Recovery Assocs., LLC,* No. 15-1455, 2016 U.S. Dist. LEXIS 97769, at *14 (D.N.J. July 27, 2016) (quoting *Turner v. Prof'l Recovery Servs., Inc.,* 956 F. Supp. 2d 573, 580 (D.N.J. 2013)); *Corson v. Accounts Receivable Mgmt., Inc.,* No. 13-01903, 2013 U.S. Dist. LEXIS 112282, at *7 (D.N.J. Aug. 9, 2013) (internal quotations omitted).

Here, Plaintiff's Section 1692f claim – like those before it – is based entirely on his unsupported allegation PRA lacked the ability and intent to prove its collection claim against him, *see* Comp. at ¶ 48, and is thus duplicative of those claims.  Because the Section 1692f claim lacks any independent basis, factual or otherwise, it cannot be maintained as a separate cause of action.  *See, e.g., Chisholm v. AFNI, Inc.,* No. 15-3625, 2016 U.S. Dist. LEXIS 162303, at *15 (D.N.J. Nov. 22, 2016) (granting summary judgment where "Plaintiff's § 1692f claim is premised on the same conduct as his § 1692d and § 1692d(f) claims" and finding that "he cannot maintain a separate cause of action" under Section 1692f.).[10]  Accordingly, his claim under Section 1692f should be dismissed as well.

## III.    Plaintiff lacks evidence to show his debt was a "consumer debt" under the FDCPA, an essential element of his claims.

Finally, each of Plaintiff's claims also fails because Plaintiff has disavowed any knowledge of – and can provide no evidence to show – the existence of a consumer debt as mandated by the FDCPA.  *F.T.C. v. Check Investors, Inc.,* 502 F.3d 159, 167 (3d Cir. 2007) (threshold requirement under FDCPA that the "prohibited practices are used in an attempt to collect a 'debt.'").  Plaintiff bears the

---

[10]    Even were the Court to independently consider Plaintiff's claim under Section 1692f, it would nonetheless fail for the exact same reasons, namely the undisputed evidence showing PRA had both the ability and intent to prove its claims against him, and the fact that the mere filing of a collection action is insufficient to support Plaintiff's claims.  *See* Sections II(A) and II(B), *supra*.

burden of establishing the existence of such a consumer debt, *Horton v. Trans Union, LLC,* No. 12-2072, 2015 U.S. Dist. LEXIS 29564, at *16 (E.D. Pa. March 10, 2015), defined as

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

> 15 U.S.C. § 1692a(5).

Here, Plaintiff has no evidence of such a consumer debt. When deposed at length, Plaintiff repeatedly disclaimed knowledge of the account at issue and the related transactions, although he made clear he was not alleging identity theft.[11] Indeed, Plaintiff repeatedly testified: (1) he did not know if he had a Sears account, (2) did not recognize the Sears statements, and (3) did not know if he had ever made a payment on the Sears account. (SOUF ¶¶ 15-17.) When asked about the underlying account, Plaintiff testified:

> Q. I'd like you to look at the item marked number 2, the second allegation in the Complaint, which reads, 'The Defendant entered into an agreement for a credit card with Citibank, N.A./Sears account number,' ending in '5017.' Is that allegation correct?

> A. I don't know.

---

[11]   *See* SOUF ¶¶ 19, 20. (Q: Are you making any claims of identity theft in this case? A: No, sir.) This is consistent with Plaintiff's Complaint, which similarly lacks any allegation the Sears account on which PRA was attempting to collect resulted from identity theft.

Q.    You don't know if you had a Sears card or not?

A.    I don't know. This number 5017, I don't know.

(SOUF ¶ 15.)

When asked again about the Sears statements forming the basis of his Complaint, Plaintiff once again testified:

Q.    Is this your Sears statement?

A.    I don't know. I cannot remember.

Q.    You cannot remember if this is your statement?

A.    That's right, sir.

(SOUF ¶ 16.)

Finally, when asked if he knew whether the debt on the Sears statements – each of which bore his name – was incurred for personal or household expenses, Plaintiff further testified:

Q. The debt that was indicated on those Sears statements that we reviewed previously, do you have any idea whether that debt was incurred for personal or household expenses or not?

MR. QUIRK: Object to form. But you can answer it.

THE WITNESS: I don't know.

(SOUF ¶ 18.)

Plaintiff's own testimony defeats his FDCPA claims as a matter of law. Plaintiff has no evidence the Citibank account was used for personal, family or household purposes, and has not alleged, much less offered evidence to show, the

account was the product of identity theft. Rather, Plaintiff simply does not remember whether his Sears account was used for consumer or business purposes. This is an essential element of Plaintiff's entire Complaint – not some "nit-picky" technicality[12] – especially given Plaintiff's occupation as a home-based jeweler. (SOUF ¶ 1.)

Courts have not hesitated to dispose of a plaintiff's FDCPA claims when faced with similar circumstances. *See, e.g. Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 336 (4th Cir. 2012); *Horton,* 2015 U.S. Dist. LEXIS 29564, at *17 (granting summary judgment on FDCPA claim where plaintiff "testified under oath that she had no knowledge of any purchases, transactions, or payments made on the Accounts."). In *Boosahda,* a strikingly similar case, plaintiff "stated repeatedly [in deposition] that he could not recall obtaining credit cards from either Chase or First USA, and did not remember using any such cards to make a purchase." *Boosahda*, 462 Fed. App'x at 333. In response to the ensuing summary judgment motion, however, the plaintiff stated in a declaration "he had reviewed the Chase and First USA billing statements and concluded that 'none of the charges made to those

---

[12]   *See Dokumaci v. MAF Collection Servs.,* No. 8:09-cv-2488, 2010 U.S. Dist. LEXIS 60166, at *4 (M.D. Fla. June 17, 2010) ("The law insists that [Plaintiff] plead facts to establish the nature of the debt for substantive reasons – not simply to be nit-picky. The FDCPA applies to certain types of debts, but not others.")

accounts could have been for use in any business by which [he had] been employed' and denied that he ever 'used any credit cards for any business purpose.'" *Id.*

The district court nonetheless entered summary judgment, noting the plaintiff was "unable to carry his burden of showing that the credit card debt was a consumer debt." *Id.* The Fourth Circuit Court of Appeals affirmed, finding it "troubling that Boosahda suddenly possessed knowledge of the nature of the debt, having repeatedly disavowed under oath knowledge of the debt itself." *Id.* at 335.

The same result applies equally here. Plaintiff cannot overcome his own deposition testimony, and finds himself unable to prove an essential element of his claims. [13] His entire Complaint therefore fails as a matter of law and should be dismissed.

---

[13] Nor can Plaintiff defeat summary judgment with a conflicting affidavit in opposition. Courts in this Circuit and elsewhere have routinely rejected such sham affidavits. *See, e.g., EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 268 (3d Cir. 2010) ("We therefore hold that when reviewing a motion for summary judgment, a district court does not abuse its discretion under Rule 30(e) when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony, if the party proffering the changes fails to provide sufficient justification."); *Wilson,* 2015 U.S. Dist. LEXIS 83871, at *24 ("[I]f it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the trial judge to conclude that no reasonable jury could accord that affidavit evidentiary weight and that summary judgment is appropriate.") (citation and internal quotation marks omitted); *see also Boosahda*, 462 Fed. App'x at 333.

## CONCLUSION

For the foregoing reasons, Defendant Portfolio Recovery Associates, LLC, respectfully requests that this Court grant its Motion for Summary Judgment and enter an Order dismissing Plaintiffs' claims with prejudice.

Dated:  October 31, 2017       Respectfully submitted,
New York, New York

**TROUTMAN SANDERS LLP**

*/s/ Amanda L. Genovese*
Amanda L. Genovese
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6227
Email: amanda.genovese@troutman.com
*Counsel for Portfolio Recovery Associates, LLC*

David N. Anthony
James K. Trefil
Meagan A. Mihalko
*Admitted Pro Hac Vice*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: 804-697-5410
Facsimile: 804-698-5118
Email: david.anthony@troutman.com

*Counsel for Portfolio Recovery Associates, LLC*