UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

    RUFINO D. GARCIA,                 No. 1:15-cv-3685 (NLH/JS)

              Plaintiff,              **OPINION**

         v.

    PORTFOLIO RECOVERY
    ASSOCIATES, LLC,

              Defendant.

**APPEARANCES**:

CHRISTOPHER MARKOS
WILLIAMS CUKER BEREZOFSKY
1515 MARKET STREET
SUITE 1300
PHILADELPHIA, PA 19102
    On behalf of Plaintiff

PETER COLONNA-ROMANO
BEREZOFSKY LAW GROUP, LLC
210 LAKE DRIVE EAST
SUITE 101
CHERRY HILL, NJ 08002
    On behalf of Plaintiff

MICHAEL J. QUIRK (pro hac vice)
BEREZOFSKY LAW GROUP, LLC
40 WEST EVERGREEN AVENUE
SUITE 104
PHILADELPHIA, PA 19118
    On behalf of Plaintiff

AMANDA LYN GENOVESE
TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022
    On behalf of Defendant

DAVID N. ANTHONY (pro hac vice)
JAMES K. TREFIL (pro hac vice)

MEAGAN A. MIHALKO (pro hac vice)
TROUTMAN SANDERS LLP
1001 HAXALL POINT
RICHMOND, VA 23219
    On behalf of Defendant

**HILLMAN, District Judge**

This is a Fair Debt Collections Practices Act (FDCPA) case brought under the theory that Defendant Portfolio Recovery Associates, LLC filed a state court collection lawsuit against Plaintiff Rufino Garcia without any intent to prove its claims. Before the Court is Defendant's Motion for Summary Judgment. For the reasons that follow, Defendant's motion will be granted.

## I.

The Court takes its facts from Defendant's Statement of Undisputed Facts and Plaintiff's Responsive Statement of Material Facts. Defendant contends Plaintiff defaulted on a Citibank, N.A./Sears credit card account, which had a balance of $6,139.75 at the time of default. Plaintiff denies that he defaulted on the account and that there was any balance on the account.

Defendant purchased a portfolio of Citibank, N.A./Sears credit card accounts, which Defendant contends included Plaintiff's account. Defendant contends Plaintiff's account was assigned to one of Defendant's staff counsel, Thomas Murtha, for review. Defendant contends Murtha determined Plaintiff's

2

account was suitable for collection action.  A complaint was filed in the New Jersey Superior Court, Law Division on June 3, 2014.

After the filing of the state court complaint, Plaintiff retained an attorney and filed an answer.  In connection with that action, Defendant produced monthly statements from Citibank, load data, and the affidavit of assignment and sale.  Defendant contends this information was sufficient to obtain a judgment under New Jersey law.

The state court trial was originally scheduled for September 8, 2014.  Plaintiff's lawyer thereafter requested a continuance, causing the trial to be rescheduled for October 6, 2014.  Defendant contends Murtha had another trial scheduled in a different courthouse on October 6, 2014, which Plaintiff denies.  Accordingly, Defendant contends Murtha hired a contract attorney from "Attorneys on Demand" to appear on the trial date and seek a further continuance.  Plaintiff denies this contention, arguing that Defendant cannot name or identify the contract attorney hired.

On October 6, 2014, no lawyer or representative for Defendant appeared.  The state court action was thereafter dismissed without prejudice.  According to Plaintiff, the state court judge "remarked to them that Portfolio hardly ever showed up for trial dates."  Defendant contends that, because of the

contract attorney's error, Murtha exercised his discretion and chose not to re-file the case.

On June 2, 2015, Plaintiff filed a purported class action, alleging a violation of the FDCPA. Plaintiff's Complaint pleads Defendant violated the following provisions of the FDCPA:

- 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of alleged debts;

- 15 U.S.C. § 1692e(5) by threatening to take action that is not intended to be taken;

- 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect alleged debts; and

- 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of alleged debts.

In an August 9, 2017 Opinion and Order, this Court denied Plaintiff's Motion for Class Certification. Accordingly, all that remains before this Court are Plaintiff's individual claims under the FDCPA. Defendant filed its Motion for Summary Judgment on October 31, 2017.

## II.

This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## III.

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by

the moving party.  Anderson, 477 U.S. at 257.

**IV.**

To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014).  The Court first considers whether Plaintiff's allegations could show a violation of the identified provisions of the FDCPA.

The basis for Plaintiff's claimed FDCPA violations is that Defendant filed suit against him without any intention to prove its claims, but rather to induce default or settlement.[1]  15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . . .

---

[1]  While Plaintiff's Complaint appears to predicate its claims both on an ability to prove its claims and an intent to, Plaintiff's arguments on summary judgment are largely confined to Defendant's intent to prove its claims.

7

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," then listing several enumerated violations "[w]ithout limiting the general application of the section."

### A. 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10)

The Court must determine whether the filing of a lawsuit, even if there is no intent to prove the merits of the lawsuit, constitutes a "threat to take any action." Plaintiff argues "[n]umerous federal courts have held that the FDCPA prohibits, as a misleading implied threat, a collector's filing suit where it does not intend to prove its claims."

In Dicesari v. Asset Acceptance LLC, No. 11-6815, 2012 WL 4108944 (E.D. Pa. Sept. 18, 2012), the plaintiff brought a claim under § 1692e(5). Id. at *3. The defendants argued that "the state court complaint did not violate § 1692e(5), because they did not threaten to take action, but instead actually took action by filing the complaint." Id. The court noted that "[c]ourts encountering situations analogous to this one have come down on both sides of whether conduct that is actually undertaken, and not just merely threatened, can support a claim under § 1692e(5)." Id. The court determined that "the

reasoning of the courts finding § 1692e(5) applies only to threats of illegal action" was persuasive." Id. The court concluded:

> The plain language of § 1692e(5) extends only to threats of action that cannot legally be taken. Thus, this Court concludes that § 1692e(5) applies to threats to take action that cannot legally be taken, but not illegal actions that are actually taken. Because the Plaintiff only alleged an actual action taken – namely, the filing of the state court complaint – and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5).

Id. This Court agrees with this analysis.

The Court also notes the Seventh Circuit's conclusion in considering § 1692e(5) that "an unsophisticated consumer could not reasonably conclude that a debt collector implicitly threatens to proceed to trial simply by filing a lawsuit to recover a debt." St. John v. Cach, LLC, 822 F.3d 388, 391 (7th Cir. 2016). The Seventh Circuit held that "§ 1692e(5) of the FDCPA does not prohibit debt collectors from filing a collection lawsuit without intending to go to trial." Id. (finding "the plaintiffs have failed to state a plausible claim under § 1692e(5) even if the defendants did not intend to go to trial when they filed their collection complaints"). The court reasoned:

> [A] threat, in the broadest sense, involves a declaration of an intention to take some action. Contrary to the plaintiffs' supposition, however, the mere filing of a civil action does not include an implicit declaration that the plaintiff intends to

9

> advance the action all the way through trial. Litigation is inherently a <u>process</u>. And recovery through that process may be achieved in many ways, and at different stages, of which trial is often not the most cost-effective or desirable. Indeed, the typical plaintiff at the outset of litigation likely hopes to recover through a less cumbersome avenue, such as a settlement or default judgment, and would rather avoid the expense, inconvenience, and uncertainty of trial.

<u>Id.</u> at 390-91 (footnote omitted). The Court agrees with this analysis as well.

Preliminarily, the Court finds the statute on its face confined to a "threat" of action, not the action itself. Moreover, the Court does not find it reasonable to assume that the filing of a complaint to collect a debt is tantamount to showing an intention (or threat) to litigate that claim on the merits. The Court discerns a difference between pursuing a claim through the litigation process and proving the claim at trial.

The Court finds similarly that the filing of a state court collection action, even without the intention of eventually proving the merits of the action at trial, does not constitute a "false representation or deceptive means" to collect the debt, largely for the same reasons the Court finds no violation of § 1692e(5).

The cases Plaintiff relies on are not analogous to the case before the Court now. <u>Casso v. LVNV Funding, LLC</u>, 955 F. Supp. 2d 825 (N.D. Ill. 2013) concerned a false representation being

made with regard to the defendant's possession of business records. Id. at 830. Brown v. Card Service Center, 464 F.3d 450 (3d Cir. 2006) concerned a debt collection letter in which it was alleged on a motion to dismiss that the defendant never intended to file suit and never intended to refer the case to an attorney. Id. at 455. Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293 (N.D. Ga. 2010) concerned misrepresentations concerning the legal status of a debt and amount owed and an allegation that defendant never intended to verify the debt's validity. Id. at 1302-03. In Brewer v. LVNV Funding, LLC, No. 14-942, 2014 WL 5420274 (E.D. Mo. 2014), the plaintiff alleged the defendant "knew it had no evidence with which to establish its claim, and further, lacked the intention to do so." Id. at *2. The court denied the motion to dismiss. Id. Finally, in Samuels v. Midland Funding, LLC, 921 F. Supp. 2d 1331 (S.D. Ala. 2013), which most closely resembles this case, the plaintiff alleged that "the defendant filed suit with full knowledge it would not (and therefore could not) prove its claim." Id. The court did not "definitively resolve whether the Act provides the plaintiff a cause of action," but denied the motion for judgment on the pleadings. Id. However, the plaintiff in that case also pleaded that "defendant's filing and prosecution of a collection action, while knowing that it lacks evidence to prove its claim and knowing that it will not obtain

or even try to obtain such evidence – such that it knows it cannot ever prove its claim and possesses no intention of doing so – violates the Act." Id. at 1326.

These cases differ from the theory presented to this Court: that Defendant sued Plaintiff "without intending to prove its claims, but instead to induce a default or settlement," in violation of the FDCPA. (Pl. Br. 1). The Court finds Plaintiff's theory fails as a basis for finding a violation of 15 U.S.C. § 1692e(5) or (10).

**B. 15 U.S.C. § 1692f**

The Court finds Plaintiff's claim under 15 U.S.C. § 1692f must fail as well. Plaintiff does not indicate a particular subsection that was allegedly violated. "Although the Third Circuit has not yet explicitly addressed the issue, courts in this circuit have held that 'conduct that is a violation of another section of the FDCPA "cannot be the basis for a separate claim under § 1692f."'" Genova v. IC Sys., No. 16-5621, 2017 WL 2289289, at *6 (D.N.J. May 25, 2017) (quoting Evans v. Portfolio Recovery Assocs., LLC, No. 15-1455, 2016 WL 4059645, at *6 (D.N.J. July 27, 2016)). "These courts have reasoned that because Section 1692f is a 'catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA, . . . [it] "cannot be the basis for a separate claim" for conduct that is already explicitly addressed

12

by other sections of the FDCPA.'" Id. (alterations in original) (quoting Corson v. Accounts Receivable Mgmt., Inc., No. 13-1903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013)). The Genova court found that, "[t]o the extent [the plaintiff] makes a claim under Section 1692f's general prohibition of 'unfair or unconscionable means to collect or attempt to collect any debt,' it is dismissed as duplicative." Id.; Dicesari, 2012 WL 4108944, at *3 ("[B]ecause the conduct that the Plaintiff alleges fits within another provision of the FDCPA, Plaintiff's § 1692f claim fails to state a claim upon which relief can be granted.").[2]

### C. 15 U.S.C. § 1692e

"Because the list of . . . subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of section 1692e even if it does not fall within any of the subsections." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011). The Court does not find Defendant's conduct otherwise constitutes a "false deceptive or misleading" practice.

---

[2] The Genova court found further analysis was required where "a plaintiff alleges a specific enumerated sub-section of Section 1692f was violated." 2017 WL 2289289, at *6. That is not the case here.

**V.**

The Court finds Plaintiff has failed to show a violation of the FDCPA. The Court will grant Defendant's Motion for Summary Judgment.

An appropriate Order will be entered.


Date: June 29, 2018          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.